# United States Court of Appeals
# for the Federal Circuit

---

**INDIANA MUNICIPAL POWER AGENCY, MISSOURI JOINT MUNICIPAL ELECTRIC UTILITY COMMISSION, NORTHERN ILLINOIS MUNICIPAL POWER AGENCY, AMERICAN MUNICIPAL POWER, INC., ILLINOIS MUNICIPAL ELECTRIC AGENCY, KENTUCKY MUNICIPAL POWER AGENCY,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1377

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-02038-RAH, Judge Richard A. Hertling.

---

Decided:  February 17, 2023

---

PEGGY A. WHIPPLE, Healy Law Offices, LLC, Springfield, MO, argued for plaintiffs-appellants.  Also represented by DOUGLAS HEALY; JOHN C. HAYES, JR., BRIAN J. WHITTAKER, Nixon Peabody LLP, Washington, DC.

STEVEN MICHAEL MAGER, Commercial Litigation Branch, Civil Division, United States Department of

Justice, Washington, DC, argued for defendant-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

————————————

Before PROST, REYNA, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

On appeal is the Court of Federal Claims' judgment that sequestration applies to reduce government payments for Build America Bonds and that Appellants do not have a contractual right to these payments. We affirm and adopt the trial court's reasoning.

I

Congress passed the American Recovery and Reinvestment Act of 2009 (ARRA) to stabilize the U.S. economy in the wake of the 2008 financial crisis. Pub. L. No. 111-5, 123 Stat. 115 (2009). Section 1531 of the ARRA created two types of government-subsidized bonds called Build America Bonds (BABs). § 1531, 123 Stat. at 358–360.

The type of bonds at issue, "Direct Payment BABs," entitled bond issuers to a tax refund from the U.S. Department of the Treasury ("Treasury") equal to 35 percent of the interest paid on their BABs. Treasury annually pays issuers of BABs upon receiving a timely Form 8038-CP filed by the issuers. I.R.S. Notice 2009-26, § 3.1. The payments are funded by the permanent, indefinite appropriation for refunds of internal revenue collections. 31 U.S.C. § 1324 (providing for the appropriation of "[n]ecessary amounts . . . for refunding internal revenue collections").

Appellants are a group of local power agencies that collectively issued over four billion dollars in qualifying Direct Payment BABs before January 1, 2011. From January 2010 through the end of 2012, Treasury paid the full 35 percent of the bonds' interest payments.

In 2011 and 2013, Congress passed legislation reviving sequestration: "[T]he cancellation of budgetary resources provided by discretionary appropriations or direct spending law." 2 U.S.C. §§ 900(c)(2), 901(a); *see* Budget Control Act, Pub. L. No. 112-25, 125 Stat. 240 (2011); American Taxpayer Relief Act of 2012, Pub. L. No. 112-240, 126 Stat. 2313 (2013). Pursuant to this sequestration legislation, Treasury stopped making payments to Appellants at the rate of 35 percent. Instead, since 2013, Appellants have been paid the reduced rates as determined by the Office of Management and Budget's sequestration calculations. For example, 2013 payments were reduced from 35 percent to 8.7 percent in accordance with the 2013 sequestration rate.

On December 30, 2020, Appellants filed a complaint with the Court of Federal Claims, which was later amended. The amended complaint seeks the full 35 percent of interest payments for 2013–2030[1] under two theories: (1) a statutory theory that the Government violates § 1531 of the ARRA by not making the full 35 percent payments, and (2) a contractual theory that the Government has breached a contract that arises out of § 1531. The Government moved to dismiss for failure to state a claim, and the Court of Federal Claims agreed that (1) no statutory claim existed because sequestration applied to these payments, and (2) no contractual claim existed because the ARRA did not create a contract between the government and Appellants.

Appellants filed a motion for reconsideration, which was denied. They now appeal the order granting the Government's motion to dismiss and the order denying reconsideration. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1]    Plaintiffs' amended complaint seeks payments through 2030 because sequestration has been extended through that date. J.A. 4–5.

## II

We review the Court of Federal Claims' dismissal for failure to state a claim and issues of statutory interpretation de novo. *Turping v. United States*, 913 F.3d 1060, 1064 (Fed. Cir. 2019); *Genentech, Inc. v. Immunex R.I. Corp.*, 964 F.3d 1109, 1111 (Fed. Cir. 2020). We review the Court of Federal Claims' denial for reconsideration for abuse of discretion. *Entergy Nuclear FitzPatrick, LLC v. United States*, 711 F.3d 1382, 1386 (Fed. Cir. 2013).

## III

Having considered all of Appellants' arguments, we find no basis to overturn the decision of the trial court and agree with the trial court's well-reasoned analysis. As for Appellants' statutory claim, we agree that sequestration applies to Direct Payment BABs because these payments are issued from the permanent, indefinite appropriation provided by 31 U.S.C. § 1324, which constitutes direct spending. As for Appellants' contractual claim, we agree that Appellants did not plead the elements of a contract because they rely solely on a statutory provision that does not create a government contract.

We therefore affirm the trial court's judgment and adopt its published opinions[2] as our own.

**AFFIRMED**

---

[2] *Ind. Mun. Power Agency v. United States*, 154 Fed. Cl. 752 (2021); *Ind. Mun. Power Agency v. United States*, 156 Fed. Cl. 744 (2021).